IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CURRENT COMMUNICATIONS GROUP, LLC, et al.<br><br>Plaintiffs,<br><br>-v-<br><br>CURRENT MEDIA, LLC, et al.<br><br>Defendants. | Case No.: 1:05-CV-385 |

**STIPULATED PROTECTIVE ORDER**

It is hereby stipulated by and between counsel for the parties hereto (the "Parties"), and ordered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that in connection with the discovery in, any hearing in, and the trial of, this action, the following provisions shall govern the disclosure of trade secrets and certain other confidential and/or proprietary information eligible for confidential treatment and treatment "under seal" pursuant to the Federal Rules of Civil Procedure and other applicable law;

1. For the purposes of this Stipulated Protective Order, "Document" is defined as all written, printed, typed, recorded or graphic material however produced, including, without limitation, correspondence, memoranda, books, records, forms, diaries, notes, statements, e-mails and all computer-generated materials, and any other pertinent information stored in any information storage or retrieval system;

2. A Party to this action shall have the right to designate Documents that it produces in this case "Confidential" if the producing Party believes that such Documents contain trade secrets, confidential and/or proprietary business information, or other highly confidential, non-public personal or proprietary business information eligible for confidential

W0474619.1

treatment and treatment "under seal" pursuant to the Federal Rules of Civil Procedure and other applicable law;

3. The Party producing may designate Documents as confidential by placing the following legend or similar legend on the document or thing: "Confidential." In the event that original Documents are produced for inspection, the producing Party may designate such as Confidential and the appropriate legend shall be placed on the Documents in the copying process. In the event either Party produces Documents to the other prior to the execution of this Order, that Party may designate such Documents "Confidential" in accordance with the procedures of paragraph 4;

4. If a producing Party inadvertently produces Confidential Documents without marking it with the appropriate legend, it may give written notice that the Documents are Confidential and it shall thereafter be treated as such;

5. Parties may designate depositions or other testimony as Confidential by indicating on the record that the testimony is confidential at the time it is given or by sending written notice that the testimony is Confidential within five (5) days of the date the final transcripts are received by the Parties. All deposition or other testimony shall be deemed Confidential until the time within which it may be designated as Confidential has passed;

6. All Confidential Documents and the confidential information contained therein ("Confidential Information") can be used only for the purposes of prosecuting, defending or settling, this action, or for disclosures that are required to be made by law or in the course of legal process, but shall not be used for any other purpose. This Stipulated Protective Order, however, in no way operates to restrict the disclosure or use of any information that is known or becomes known through means or sources outside of this litigation;

7. Confidential Documents and Confidential Information shall be made available only to "Qualified Persons" as defined in this Order, who shall have read this Order and agreed to be bound by its terms. No other person shall have access to Confidential Information without the approval of the producing Party or the Court, nor shall any other person be

informed of Confidential Information by any person having access to Confidential Information;

8. For the purposes of this Stipulated Protective Order, "Qualified Persons" means: (a) the Parties and their officers, directors, managing agents, or other corporate representatives, or other employees, who are engaged in the preparation of this action for hearing and/or trial; (b) the Court and its officers; (c) counsel of record and in-house counsel who are engaged in the preparation of this action for hearing and/or trial, and paraprofessionals, stenographic or clerical employees assisting counsel of record and/or in-house counsel in the preparation of this action for hearing and/or trial; and (d) independent expert witnesses retained by the Parties in connection with this action, all of whom shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by its provisions by executing a copy of the form attached hereto as Exhibit A;

9. As a subset of Confidential Documents, a Party to this action shall have the right to designate Documents that it produces "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" if it reasonably believes that such Documents contain trade secrets or highly confidential, non-public, personal or proprietary business information, disclosure of which could be especially detrimental or harmful to the producing Party if disclosed to the non-counsel personnel of its adversary;

10. Confidential Documents marked "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" may only be shown to the Court and its officers; counsel of record and in-house counsel who are engaged in the preparation of this action for hearing and/or trial, and paraprofessionals, stenographic or clerical employees assisting counsel of record and/or in-house counsel in the preparation of this action for hearing and/or trial; and independent expert witnesses retained by the Parties in connection with this action who have executed a copy of the form attached hereto as Exhibit A;

11. Any third party producing Documents or other information may avail themselves of this Order if they agree in writing to be bound by its terms;

12. For the purposes of this Stipulated Protective Order, "Designating Party" refers

to the Party or third party that has designated any Documents in question as either "Confidential" or "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" in keeping with the terms of this Stipulated Protective Order;

13. A Party may use Confidential Documents and Confidential Information that have been marked "Confidential" during witness interviews, deposition preparation sessions, depositions, hearings, or other trial proceedings. Before a Party witness may be shown Confidential Documents and Confidential Information that have been marked "Confidential" by the opposing Party during a witness interview or deposition preparation session pursuant to this Paragraph, he or she must review and agree to be bound by the terms of this Stipulated Protective Order by executing a copy of the form attached hereto as Exhibit A. Materials marked HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may only be used during witness interviews, deposition preparation sessions, depositions, or other pretrial preparation by the Designating Party's witnesses and by either Party's expert witnesses. Under no circumstances is a party representative of the non-Designating Party to view any materials marked HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY except as allowed by the Court;

14. A Party may file with the Court papers containing Confidential Documents or Confidential Information with the Court, provided that the Party planning to use the information simultaneously requests that the Court file such papers under seal pursuant to an order of the Court. Papers filed under seal in accordance with this provision shall be sealed in an envelope or other container with the title of the action, an identification of the document or thing within, and a statement in the following form:

FILED UNDER SEAL

CONTAINS MATERIAL DESIGNATED "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" PURSUANT TO THE PROTECTIVE ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY AGREEMENT OF THE PARTIES.

15. Prior to any hearing and/or trial of this action, counsel for all Parties shall

determine whether they want to use Confidential Documents and Confidential Information on any such hearing and/or trial and, if so, seek to reach agreement on the handling of Confidential Documents and Confidential Information at the hearing and/or trial so as to provide the maximum protection possible against public disclosure without in any way infringing upon the rights of the Parties to present all evidence they deem necessary at such hearing and/or trial. Counsel shall submit the agreement, or proposals if no agreement can be reached, to the Court for its consideration, with the request that the Court enter further orders as necessary to implement the protection of Confidential Documents and Confidential Information at the hearing and/or trial as agreed or as the Court may direct based upon the proposals of counsel;

16. In the event that a Party receiving Documents marked "Confidential" or "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" (the "Receiving Party") objects to the designation in writing, the Parties will use their best efforts to resolve the objections between themselves. If the Parties cannot resolve the objections, the materials shall become non-confidential unless within five (5) days of the objection the producing Party moves the Court to declare the propriety of the designation. The objecting Party carries the burden of demonstrating that the challenged "Confidential" or "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" designations are not appropriate;

17. Not later than thirty days after the final disposition of this action, including any appeals, all Confidential Documents shall be returned to counsel for the producing Party or destroyed, at the producing Party's discretion. If destroyed, the Party undertaking destruction will provide a list of the destroyed Confidential Documents and will certify to the manner, time and place of their destruction. If any Confidential Documents are furnished under this Stipulated Protective Order to any expert or to any other person, the attorney for the Party retaining such expert or furnishing the Confidential Documents shall be responsible to ensure that they are returned;

18. The terms of this Stipulated Protective Order shall survive any final disposition of this action;

19. If any Party finds that any of the terms of this Stipulated Protective Order impedes its ability to prepare or present its case, or is otherwise objectionable, that Party may seek appropriate modification of the Order from the Court;

20. This Stipulated Protective Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence;

IT IS SO ORDERED.

Dated this 11th day of July, 2005

s/Sandra S. Beckwith
Sandra S. Beckwith, Chief Judge
United States District Court

The undersigned counsel hereby stipulate to the foregoing Order being entered by the Court.

/s/ Mark G. Kobasuk
R. Joseph Parker (0018069)
Mark G. Kobasuk (0043923)
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 (Telecopy)

Orin Snyder
Cynthia S. Arato
S. Ashlie Beringer
Howard S. Hogan
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
(212) 351-4035 (Telecopy)

Attorneys for Plaintiffs
Current Communications Group, LLC,
Current Technologies, LLC and Current
Communications Services, LLC

/s/ Peter D. Vogl
Joseph R. Dreitler (0012441)
Mary R. True
Brian J. Downey
Jones Day
P.O. Box 165017
Columbus, OH 43216-5017
(614) 469-3939
(614) 461-4198 (Telecopy)

Peter D. Vogl
Gianni P. Servodidio
Jones Day
222 East 41st Street
New York, NY 10017-6702
(212) 326-3939
(212) 755-7306 (Telecopy)

Attorneys for Defendants
Current Media, LLC and Current TV, LLC

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CURRENT COMMUNICATIONS GROUP, LLC, et al.<br><br>Plaintiffs,<br><br>-v-<br><br>CURRENT MEDIA, LLC, et al.<br><br>Defendants. | Case No.: 1:05-CV-385<br><br>Judge: Beckwith |

**DECLARATION CERTIFYING CONFIDENTIALITY**

I, _____, declare:

1. I have been asked by _____ through its counsel _____ to inspect certain Documents or Information which are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL within the terms of the Stipulated Protective Order governing the protection and exchange of discovery materials in the above-entitled action (the "Stipulated Order").

2. I have read the Stipulated Order and understand it, and I agree to be bound by it in the same way that _____ and its counsel are bound.

3. I understand that the Stipulated Order prohibits the unauthorized disclosure or use of Confidential and HIGHLY CONFIDENTIAL Documents and Information, and that such unauthorized disclosure or use constitutes contempt of court.

4. I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for enforcement of the undertakings I have made herein and I irrevocably appoint _____ as my agent to receive any service of process in that connection.

Dated: _____ ___, 2005

_____